IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**CURTIS LUMBER COMPANY, INC.**
**D/b/a CALDWELL LUMBER COMPANY**                    **PLAINTIFF**

v.                            2:08CV00107 JMM

**LOUISIANA PACIFIC CORPORATION**                    **DEFENDANT**

## ORDER DENYING MOTION TO QUASH

Plaintiff served the Defendant Louisiana Pacific Corporation ("LP") with a Rule 30(b)(6) notice to produce a witness who can testify to the contents of Doug Anderson's August 2, 2007 e-mail, letter and spreadsheet.  Doug Anderson is LP's Associate General Counsel.  LP asks the Court to quash the notice of deposition filed by Plaintiff and enter a protective order to bar discovery of matters listed in the notice of deposition pursuant to Rule 26(c).  Plaintiff objects to the motion.

The Eighth Circuit has held that opposing trial counsel is not absolutely immune from being deposed.  *Shelton v. American Motors Corp*., 805 F.2d 1323, 1327 (8th Cir. 1986.)  There are circumstances which may necessitate the taking of opposing counsel's deposition.  "But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."  *Id.*

After review of the pleadings, the Court finds that the Motion to Quash (Docket # ) should be DENIED.  Plaintiff seeks to discover information regarding the August 2, 2007 email, letter and spreadsheet sent to the Plaintiff by Doug Anderson.  The email, letter and spreadsheet contained information regarding LP's investigation into Plaintiff's rebate claims.  The

information sought by the Plaintiff is not privileged.  Plaintiff has no other means to obtain the information regarding the second investigation.  According to the record, Plaintiff has tried to discover information regarding the second investigation from four witnesses identified by LP as having relevant knowledge.  However, those individuals did not have any knowledge of the investigation.  Further, the deposition appears reasonably calculated to the discovery of relevant information.  *See* Fed. R. Civ. R. 26(b)(1).

Accordingly, the Defendant's motion to quash and for protective order (Docket # 14) is DENIED.

IT IS SO ORDERED this 27th day of February 2009.

_____
James M. Moody
United States District Judge