IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**CURTIS LUMBER COMPANY, INC.**
**D/b/a CALDWELL LUMBER COMPANY**                               **PLAINTIFF**

v.                                          2:08CV00107 JMM

**LOUISIANA PACIFIC CORPORATION**                               **DEFENDANT**


### ORDER GRANTING MOTION FOR RECONSIDERATION

The Court entered an Order on May 26, 2009 resolving several pending motions in this case, including Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. In the May 26th Order, the Court granted summary judgment as to each of Plaintiff's theories of fraud except one. The Court concluded that there was "a factual dispute as to whether LP's omission of the "proof of use" requirement in the rebate documents was a material omission, whether it was intentionally omitted by LP with the desire to induce Plaintiff to promote the rebate to its customers in reliance on the omission, and whether Plaintiff's damages were a result of the omission." (Order at p. 7-8). The Court denied summary judgment as to Plaintiff's claims under the Arkansas Deceptive Trade Practices Act and promissory estoppel based upon the same issue of fact.

On May 27, 2009, the Defendant filed a Motion for Reconsideration of the Court's Order. In the motion, the Defendant argued that the Court had overlooked a portion of the rebate application form which stated:

> Terms and Condition:
> New or converted builders will receive material for their first house free in the following amounts:
> Please indicate products used and expected rebate, with a $2400 maximum

(Ex. A1 to Def's Motion for Reconsideration). The Defendant argued that the words "products

used" are evidence that the Defendant did not omit a requirement in its rebate documentation.

At the telephone hearing held on May 27, 2009, the Defendant also argued that the Plaintiff did not have a significant damage claim based upon the Court's ruling that the voluntary payment rule applied to refunds and rebates paid by Plaintiff to its customers. The Defendant argued that at the time of purchase each of the 83 customers who applied for the LP rebate "paid" for the SmartSide siding on an open account with Curtis Lumber. Some customers subsequently paid Plaintiff in cash to close their account. Plaintiff, in turn, refunded those customers in cash when the customer chose to cancel the siding sale. As stated in the Order, these refunds by Plaintiff were voluntary and Plaintiff cannot recover from LP for these voluntary refunds.

Some of Plaintiff's customers, however, never paid cash on their open accounts after purchasing the SmartSide siding. When these customers chose to cancel their siding purchase, Plaintiff "refunded" the customer's open account. The Defendant pointed out that there was evidence to support this argument in Mr. Curtis' deposition. The Court has located this testimony, or a variation thereof, in Mr. Curtis' deposition at page 94 through 96.

For the reasons set forth on the record at the telephone hearing, the Court has reconsidered the May 26th Order and grants Defendant's Motion for Summary Judgment as to all of Plaintiff's claims, including fraud, promissory estoppel and the Arkansas Deceptive Trade Practices Act. The Court finds that there is evidence to support the Defendant's argument that LP included a "use" requirement in its Program documents. Applicants were required to state that they had used the SmartSide product in order to receive the rebate. Moreover, the Court finds that the voluntary payment rule precludes the Plaintiff from recovering lost profits based upon the facts of this case.

In conclusion, Defendant's Motion for Reconsideration (Docket # 70) is GRANTED. Defendant's Motion for Summary Judgment is granted for the reasons set forth in this Order and

at the telephone hearing held on May 27, 2009. The Defendant's motions in limine (Docket # 63, 64, and 65) are MOOT. The Clerk is directed to close the case. The trial scheduled for June 8, 2009 is cancelled.

      IT IS SO ORDERED this 8th day of June 2009.

                                        _____
                                        James M. Moody
                                        United States District Judge