IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CURTIS LUMBER COMPANY, INC.
D/b/a CALDWELL LUMBER COMPANY                                  PLAINTIFF

v.                               2:08CV00107 JMM

LOUISIANA PACIFIC CORPORATION                                  DEFENDANT


# ORDER

Pending are Louisiana Pacific's first and second motions in limine. Plaintiff has responded.

    A.    <u>Defendant's First Motion in Limine</u>

    1.    Inner-Seal.

LP asks the Court to exclude evidence concerning Inner-Seal, the predecessor to SmartSide, because it is irrelevant and unfairly prejudicial. The Court finds that evidence regarding Inner-Seal is relevant because it puts the SmartSide rebate program and Plaintiff's reactions into context. The evidence is not unfairly prejudicial to the Defendant. Further, the Court does not find that evidence regarding Inner-Seal is prohibited by Rule 404(b).

    2.    Complaints against LP made by customers and third parties who never participated in the rebate program.

Evidence of complaints made by customers or third parties who did not participate in the SmartSide rebate program is irrelevant to this case. Testimony of customer complaints against LP will be limited to those customers or third parties who participated to some extent in the SmartSide rebate program.

    3.    Brian Foran email of May 25, 2007.

This email is relevant to the Plaintiff's claim that LP violated the Arkansas Deceptive Trade Practices Act ("ADTPA") and is admissible.

4.    Evidence of customers who did not receive SmartSide products

Evidence of Plaintiff's customers who ordered SmartSide products and cancelled their order after receiving LP's June 25th letter is admissible to prove Plaintiff's lost profit damages. The Eighth Circuit specifically ruled that lost profits are recoverable by the Plaintiff if the jury finds that LP violated the ADTPA.[1] *See Curtis Lumber Co., Inc. v. Louisiana Pacific Corp.,* 618 F.3d 762, 782 (8th Cir. 2010).

B.    Defendant's Second Motion in Limine

LP asks the Court to exclude testimony of B.J. Curtis and/or Ronald Caldwell where they recount statements made by Curtis Lumber customers concerning why the customers participated in LP's SmartSide rebate program, what they expected from the rebate program, and why they took certain actions in connection with their orders of SmartSide products under the program. LP contends this is inadmissible hearsay. However, the Eighth Circuit has considered this argument by LP and expressly ruled that this type of testimony regarding customers' statements are "offered to show the effect of the out-of-court statements on the listener (Curtis Lumber) and thus, they are not hearsay." *Curtis Lumber Co., Inc. v. Louisiana Pacific Corp.,* 618 F.3d 762, 783 n.18 (8th Cir. 2010) (citing *United States v. Cline*, 570 F.2d 731, 734 (8th Cir.1978) (statements are non-hearsay when used to show the listener's state of mind); *United States v.*

---

[1] There is, however, a question as to whether lost profits are recoverable under promissory estoppel in Arkansas. *See Curtis Lumber Co., Inc. v. Louisiana Pacific Corp.,* 618 F.3d 762, 781 (8th Cir. 2010) (citing *S. Beach Beverage Co. v. Harris Brands, Inc.,* 138 S.W.3d 102, 108 (Ark. 2003)(reserving question)).

*Herrera*, 600 F.2d 502, 504 (5th Cir.1979) (statements are non-hearsay when used to show listener's duress)). The Court finds that this ruling also applies to testimony of Plaintiff's customers regarding statements made by B.J.Curtis or Ronald Caldwell to them as long as the statements of Curtis or Caldwell are made to prove the present sense impression of Plaintiff, not to prove the truth of the matter asserted.

    C    <u>Defendant's objections to the Plaintiff's designation of Chuck Gordon's deposition</u> (Docket # 97).

In the second Order entered by the Court on April 26, 2011 (Docket # 109), the Court made evidentiary rulings on four of Defendant's objections to the designations of Chuck Gordon's deposition. After further consideration, the Court finds that this testimony should be allowed at trial. This testimony by Gordon concerns the specific questions which Plaintiff had about the rebate program. The Court finds that these questions and Gordon's answers are relevant to Plaintiff's claims because they could tend to show "justified reliance" by Plaintiff or "deceptive acts" by the Defendant as required by the elements of the ADTPA § 41-88-107(a)(10). Accordingly:

1. Page 22, Line 9- Page 24, Line 5- Overruled

2. Page 24, Lines 11 - 17- Overruled.

3. Page 25, Line 2- Page 26, Line 17- Overruled

4. Page 27, Line 9- Page 28, Line 3- Overruled.

    D.    <u>Conclusion</u>

For these reasons, LP's first motion in limine is (Docket # 103) is GRANTED in part and DENIED in part. LP's second motion in limine is (Docket # 104) is DENIED. Portions of

Defendant's objections to the Plaintiff's designation of Chuck Gordon's deposition (Docket # 97) have been reconsidered and overruled.

    IT IS SO ORDERED this 27th day of April, 2011.

                                                            */s/ James M. Moody*
                                                            James M. Moody
                                                            United States District Judge