IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CURTIS LUMBER COMPANY, INC.
D/b/a CALDWELL LUMBER COMPANY                    PLAINTIFF

v.                          2:08CV00107 JMM

LOUISIANA PACIFIC CORPORATION                    DEFENDANT

ORDER

Pending is the Plaintiff's Motion for Attorneys' Fees and Bill of Costs. The Defendant has responded to both motions. After consideration of the pleadings, the Court will award attorneys' fees in the amount of $75,202.63 and costs in the amount of $3,884.39.

The Court held a four day jury trial of this matter in Helena, Arkansas on May 3 through May 6, 2011. Plaintiff sought $103,000 in damages from the Defendant for violation of the Arkansas Deceptive Trade Practices Act and the common law theory of estoppel. Although the jury returned verdicts in Plaintiff's favor, the jury merely awarded Plaintiff $50,311.61 in damages. Plaintiff now asks for attorneys' fees of $182,701.50 and costs of $8,798.26.

   I.     Attorneys' Fees

The Arkansas Deceptive Trade Practices Act states: "Any person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees." Ark. Code Ann. § 4-88-113(f). "The decision to award attorney's fees and the amount to award are discretionary determinations" to be made by the trial court. *FMC Corp., Inc. v. Helton,* 202 S.W.3d 490, 506 (Ark. 2005).

The billing records that accompany Plaintiff's application reflect total time of 808.70 hours spent on the case by Plaintiff's counsel, Danny Van Horn at an hourly rate of $220.00 to

$280.00, by various associates at an hourly rate of $150.00 to $180.00, and by paralegal assistants at an hourly rate of $55.00 to $135.00.

Defendants object to the Plaintiff's fee request on numerous grounds, including excessive time and costs based on the degree of difficulty of the case and the limited success of the Plaintiff at trial.

The Supreme Court has instructed that '[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). In this case, the Court finds that hourly rates of $220.00 for Mr. Van Horn, $150.00 for associates, and $55.00 for paralegals is reasonable under the circumstances. After re-calculating the bills in accordance with these rates, the total fee for services rendered to the Plaintiff is $150,405.25. Although the number of hours spent on the case appear to be exorbitant, the litigation lasted for approximately three years and included an appeal to the Eighth Circuit Court of Appeals. Therefore, the Court cannot say that the hours expended by Plaintiff's counsel are excessive.

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.' This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.* at 434. *See also Concord Boat Corp. v. Brunswick Corp.*, 34 F.Supp.2d 1125, 1129 (E.D. Ark. 1998)(Where the plaintiff has not been successful on all claims, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.").

The Court finds it necessary and equitable to reduce the fee based upon the limited success of the Plaintiff at trial.  After hearing all of the evidence in this case, the jury unanimously determined that the Defendant was liable to the Plaintiff for only one-half of the damages requested.  Therefore, the Court finds that the award of attorneys' fees should also be reduced to one-half of the fees requested, for a total award of $75,202.63.  In light of the circumstances of this case, the award of fees seems adequate and is not intended as any criticism of the amount or quality of the efforts of Plaintiff's counsel.  Both parties were well represented by counsel.

II.     Costs

It is within the Court's discretion to tax costs pursuant to 28 U.S.C. § 1821 and 28 U.S.C. §§ 1920 through 1929.

The original filing fee is allowed in the amount of $140.00.  The cost to file an appeal is allowed in the amount of $455.00.  The statutory witness fees and statutory mileage fees for Chuck Gordon and the six customer witnesses are allowed in the amount of $632.33.

It is this Court's policy to disallow the costs for taking depositions and any fees associated therewith for discovery purposes.  Therefore, the fee for the costs of the deposition transcripts of Caldwell, Curtis, Skoog, Bazemore, Kennon, and Gordon is disallowed as incidental to normal preparation for trial.  The costs of the deposition transcripts used at trial (Tutor, Coward, Foran, and Anderson) is allowed in the amount of $2,657.06.  The costs of serving subpoenas is disallowed.

IT IS THEREFORE ORDERED that attorneys' fees and costs be taxed in favor of the Plaintiff and against the Defendant in the amount of $75,202.63 and $3,884.39 respectively.  Plaintiff's Motion for Bill of Costs (Docket # 127) and Motion for Attorneys' Fees (Docket #

135) are GRANTED in these amounts.

      IT IS SO ORDERED this 27th day of July, 2011.

                                                        */s/ James M. Moody*
                                                        James M. Moody
                                                        United States District Judge